tator owned the automobile and that his son, Oscar F. Sterling, was at the time of the accident in his general employ and was negligent, it does not appear that at the time of the accident the son was engaged in his employer's business, but, on the contrary, it appears that the said Oscar F. Sterling was then driving the car for his own pleasure and recreation, and his employer was not answerable for his negligence.

FIDELITY TRUST CO. OF ROCHESTER v. SMITH et al. (Supreme Court, Appellate Division, Fourth Department. May 13, 1914.) Action by the Fidelity Trust Company of Rochester, as executor, etc., of Harriet F. Newcomb, deceased, against Benjamin Hill Smith and others. No opinion. Order affirmed, with $10 costs and disbursements, with leave to the appellants to plead over within 20 days upon payment of the costs of the motion and of this appeal. Motion and appeal to Court of Appeals denied, 147 N. Y. Supp. 1111.

FIDELITY TRUST CO. OF ROCHESTER v. SMITH et al. (Supreme Court, Appellate Division, Fourth Department. May 20, 1914.) Action by the Fidelity Trust Company of Rochester, as executor, etc., of Harriet F. Newcomb, deceased, against Benjamin Hill Smith and others. No opinion. Motion for leave to appeal to Court of Appeals denied, with $10 costs. For former decision, see 147 N. Y. Supp. 1111.

FINKELSTEIN v. PUNIE. (Supreme Court, Appellate Division, First Department. May 22, 1914.) Action by Herman Finkelstein against Isadore Punie. No opinion. Motion granted. Order filed. See, also, 147 N. Y. Supp. 317.

FIRST NAT. BANK OF DETROIT, MICH., v. HOLLINS et al. (Supreme Court, Appellate Division, Second Department. May 8, 1914.) Action by the First National Bank of Detroit, Mich., against Harry B. Hollins and others.
PER CURIAM. Order affirmed, with $10 costs and disbursements. Proceedings to enter judgment for default of an answer are stayed until five days after the entry of the order herein, to enable defendant Govin to apply at the Special Term of this court for leave to answer, if he is so advised, upon such terms as may be just. Motion for leave to appeal to Court of Appeals and to certify question denied, 147 N. Y. Supp. 1111. See, also, 146 N. Y. Supp. 1090.

FIRST NAT. BANK OF DETROIT, MICH., v. HOLLINS et al. (Supreme Court, Appellate Division, Second Department. May 15, 1914.) Action by the First National Bank of Detroit, Mich., against Harry B. Hollins and others. No opinion. Motion for leave to appeal to the Court of Appeals and to certify a question of law denied, without costs. For former decision, see 147 N. Y. Supp. 1111.

FIRST NAT. BANK OF YONKERS v. FISHER et al. (Supreme Court, Appellate Division, Second Department. May 25, 1914.) Action by the First National Bank of Yonkers against Anthony Fisher and Oactono Chiangone. No opinion. Judgment affirmed, with costs.

FITZGERALD, Respondent, v. TIBBITTS, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 20, 1914.) Action by Patrick T. Fitzgerald against Albert B. Tibbitts. No opinion. Judgment and order affirmed, with costs.

FITZSIMMONS, Appellant, v. NEW YORK STATE ATHLETIC COMMISSION et al., Respondents. (Supreme Court, Appellate Division, First Department. March 27, 1914.) Action by Robert Fitzsimmons against the New York State Athletic Commission and others. G. C. Norton, of New York City, for appellant. R. P. Beyer, of New York City, for respondents. No opinion. Order (146 N. Y. Supp. 117) affirmed, with $10 costs and disbursements. Order filed.

FLAITZ, Respondent, v. ELMIRA, C. & W. RY., Appellant. (Supreme Court, Appellate Division, Fourth Department. April 29, 1914.) Action by Rosa Flaitz, by guardian, etc., against the Elmira, Corning & Waverly Railway. No opinion. Appeal dismissed, without costs, upon stipulation filed.

FLYNN v. FRANK PRESBREY CO. (Supreme Court, Appellate Division, First Department. April 9, 1914.) Action by William J. Flynn against the Frank Presbrey Company. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed.

FLYNN, Appellant, v. NEW YORK & L. I. TRACTION CO., Respondent. (Supreme Court, Appellate Division, Second Department. April 17, 1914.) Action by Mary Flynn against the New York & Long Island Traction Company.
PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event. Upon a previous appeal in this case, we decided that substantially the same evidence as that here presented on behalf of the plaintiff required submission to the jury of the question of defendant's negligence. 158 App. Div. 169, 143 N. Y. Supp. 24. It is immaterial who gave the signal to stop the car. The evidence of plaintiff is that it did stop at Tenth street. It then became the duty of the conductor to afford plaintiff reasonable time and opportunity to alight before giving the signal to start. The fact that the complaint alleges that such signal was given by the conductor, while the evidence may establish the fact that it was given by some one else under his authority, does not constitute a variance. Bradbury's Rules of Pleading, 8, subd. 5.

FLYNN, Respondent, v. NEW YORK, W. & B. RY. CO., Appellant, et al. (Supreme Court, Appellate Division, Second Department. April 24, 1914.) Action by Michael W. Flynn against